## Cutillo et al. v. Kern

*Truman D. Wade*, for plaintiff; *Holding & Harvey*, for defendant.

WINDLE, J., March 27, 1933.—The minor plaintiff and his parents brought this action to recover damages for injuries suffered by the minor when hit by a golf ball driven by defendant, for whom the minor was caddying on the links of the Phoenixville Country Club in this county. The boy was under the age of 14 years when the accident happened. At the trial, the jury was instructed by the court that caddying is within the prohibition of the Child Labor Act of May 13, 1915, P. L. 286, and that if the jury believed that the boy was employed by defendant to caddy for him, he, the defendant, was liable without regard to the question of negligence or contributory negligence. A verdict was rendered in favor of plaintiffs and defendant has taken a rule for judgment n. o. v., a

point for binding instructions in his favor having been refused at the time of trial, as well as a rule for new trial. The first mentioned rule is the only one under consideration now, the latter not being pressed.

Defendant urges in support of his rule for judgment that caddying is not employment or work within the meaning of the act of assembly in question; that therefore the minor was not illegally employed at the time of his injury; and that, under those circumstances, there can be no recovery for the reason that, under the facts, the boy assumed the risk of his employment.

The section of the act involved is as follows: "Section 2. No minor under fourteen years of age shall be employed or permitted to work in, about, or in connection with, any establishment or in any occupation." We are asked to hold that a boy while caddying for a golf player is not employed or working in, about, or in connection with any establishment or in any occupation. That we cannot do. We believe that a golf club with its links or course is an establishment as defined in the act. Therein it is stated "That wherever the term 'establishment' is used in this act, it shall mean any place within this Commonwealth where work is done for compensation of any kind, to whomever payable . . . . . ." It is a matter of common knowledge that work is done in and about a golf club and course to keep the latter in good and playable condition, especially in the spring and summer, when the fairways and greens require constant daily attention from a force of workmen who, of course, are employed by the club and paid for their services. In addition, practically all clubs employ and pay professionals who care for and repair the members' golf clubs, sell balls and other equipment, give lessons to players desiring them, run tournaments, and render other services directly connected with the playing of the game of golf. As in this case, caddy masters are generally employed and paid by the club, their duties being to supervise the caddies and assign them to players as required. All this constitutes a golf club an establishment as defined by the statute. Whether it may be that boys under 14 could legally be employed in some of the work referred to, under the authority of the opinion of the Attorney General in Child Labor Law (No. 1), 25 Dist. R. 40, and by virtue of the exception in the act as to agricultural employment upon which that opinion is based, yet caddying is not within that classification, being not at all agricultural in its nature. We conclude then that a boy caddying for a golf player on the course of a golf club, whether an employe of the club or of the player, is employed and permitted to work in, about, and in connection with an establishment within the meaning of the act of assembly in question. To the same effect is the opinion of the Attorney General in Caddies Under Fourteen, 13 D. & C. 385, which, though not binding on us, after careful consideration, we agree with.

We are also inclined to believe what the Attorney General, in the opinion just referred to, suggests is doubtful, that caddying is an occupation within the meaning of said act. Webster in his dictionary defines occupation: "That which occupies, or engages, the time and attention; the principal business of one's life; vocation; employment; calling; trade." For boys in their teens caddying may well be, and for many is, their principal business, their vocation, their employment or calling. True, after they have grown up they usually abandon it, but for the time being it is their and their only vocation. They perform services therein for hire. It occupies and engages their time seven days a week in favorable weather. They are trained and instructed in the duties required therein by the professionals at the clubs. It is their occupation during the summer season. It is work, not play, for which they are paid. We believe it rises to the dignity of an occupation for boys of the appropriate age and circumstances.

The opinion of the Attorney General in Child Labor Act (No. 1), supra, cited and relied upon by defendant, decides that children engaged in weeding young seedlings are engaged in "work really agricultural in character" and therefore within the exception in the statute which provides that the act "shall not apply to children employed on the farm or in domestic service in private homes." True, as defendant contends, and cites cases to establish, the act must be interpreted with reference to its intent and purpose as well as to its subject matter, but where the subject matter is definite and clear the purpose and intent of the statute cannot be held to nullify its provisions. There is no doubt that caddying is not a harmful or injurious employment from which children were meant to be protected, but rather is healthy and beneficial, but the legislature did not see fit to include it in the exception which it made in regard to certain other employment. That being true, the courts cannot do so, as we are here asked to.

In view of our decision that the minor plaintiff was here illegally employed, whether a golf club is an establishment or because caddying is an occupation or because both are true, it is unnecessary to consider the question of assumption of risk by the boy. Whether the jury should have been instructed that, even if the minor was not employed by defendant, the latter permitted him to work within the meaning of the act need not now be decided. The jury found that the boy was illegally employed and therefore rendered verdicts in his and his father's favor. In any proper view of the matter as above they may not be disturbed.

Rule for a new trial dismissed.

Rule for judgment n. o. v. dismissed.